**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

Jose Turquiz,

Plaintiff,

vs.

CA 08 – ____________

CA 08 30 ML

La Lupita, LLC,
Amelia Blancas, and
Jamie Blancas,

Defendants.

---

## COMPLAINT

### Introduction

1. The Plaintiff alleges the individual defendants employed him at their restaurant, La Lupita, without paying him overtime at the proper rate. He brings this action to recover unpaid overtime compensation, liquidated damages, attorney fees and costs pursuant to the provisions of the federal Fair Labor Standards Act of 1938 (codified at 29 USC §201, *et. seq.*), and the Rhode Island Minimum Wage Act (codified at RIGL 28-12-1, *et. seq.*).

### Parties/Jurisdiction/Venue

2. The Plaintiff, Jose Turquiz (Turquiz) is, and at all times relevant to this litigation was, a resident of the County of Providence, State of Rhode Island.

3. The Defendant, La Lupita, LLC (La Lupita), is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business located at 1950 Westminster Street, Providence, Rhode Island.

4. The Defendant La Lupita, LLC, does business as La Lupita Tacos Mexicanos, La Lupita, and La Lu Pita.

5. The Defendant Jamie Blancas, is an individual residing in Providence County, Rhode Island.

6. The Defendant Amelia Blancas, is an individual residing in Providence County, Rhode Island.

7. Jurisdiction over the federal claims in this action is conferred on this Court by Section 16(b) of the federal Fair Labor Standards Act of 1938 (the "Act" or "FLSA") (codified at 29 USC §216(b)), and by the provisions of 28 USC §1337 relating to civil actions arising under acts of Congress regulating commerce.

8. Supplemental jurisdiction over the state law claims in this action is conferred by 28 USC §1367 because the claims are so related to the federal FLSA claims that they form part of the same controversy.

9. Venue is proper in this Court because the Plaintiff is, and at all times relevant to this litigation was, a resident of Rhode Island, and because the conduct complained of took place in Rhode Island, and because the individual defendants are residents of Rhode Island, and because the corporate defendant is a "resident" of Rhode Island as that term is defined in 28 USC §1391(b) and (c).

## Facts Common to All Counts

10. At all times relevant to this litigation, La Lupita was an enterprise "engaged in commerce" within the meaning of Section 7(a) of the Act (codified at 29 USC §207(a)(1)).

11. From approximately early 2005 through approximately late 2007, the defendants employed Turquiz at their restaurant in Providence.

12. Turquiz routinely worked more than 40 hours per week.

13. When Turquiz worked more than 40 hours per week, the defendants paid him for the hours over 40 at varying hourly rates that were **less than** one and one-half (1½) times his regular hourly rate.

## Count 1 – Federal FLSA Claim

14. Turquiz reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

15. While Turquiz worked for La Lupita, the Defendant Jamie Blancas acted directly in the interest of La Lupita in relation to its employees, including Turquiz.

16. The Defendant Jamie Blancas was an "employer" of Turquiz as that term is defined in Section 3 of the FLSA (codified at 29 USC §203(d)).

17. While Turquiz worked for La Lupita, the Defendant Amelia Blancas acted directly in the interest of La Lupita in relation to its employees, including Turquiz.

18. The Defendant Amelia Blancas was an "employer" of Turquiz as that term is defined in Section 3 of the FLSA (codified at 29 USC §203(d)).

19. Contrary to the requirements in Section 7(a) of the federal Fair Labor Standards Act (codified at 29 USC 207(a)), the defendants failed to pay Turquiz at a rate equal to at least one and one-half (1½) times his regular hourly rate for the hours he worked each week in excess of 40.

20. The defendants' failure was willful and deliberate.

21. Turquiz suffered damages as a result of the defendants' failure.

**Wherefore**, on this Count Turquiz requests:

a. A judgment against the defendants, jointly and severally, sufficient to compensate him for his damages;

b. A judgment against the defendants, jointly and severally, for the overtime wages they failed to pay him for the 3 years preceding the filing of this Complaint pursuant to 29 USC 255(a);

c. A judgment against the defendants, jointly and severally, for liquidated damages equal to the overtime wages it owes him pursuant to Section 16(b) of the Act (codified at 29 USC 216(b));

d. Reasonably attorney fees and costs pursuant to Section 16(b) of the Act (codified at 29 USC 216(b)); and

e. For such other relief as may be just and appropriate.

**Jury Demand**

Turquiz requests a trial by jury on this Count.

**Count 2 –Rhode Island State Law Wage Claim**

22. Turquiz reasserts the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

23. While Turquiz worked for La Lupita, the Defendant Jamie Blancas acted directly in the interest of La Lupita in relation to its employees, including Turquiz.

24. The Defendant Jamie Blancas was an "employer" of Turquiz as that term is defined in Rhode Island Minimum Wage Act (codified at RIGL 28-12-2(6)).

25. While Turquiz worked for La Lupita, the Defendant Amelia Blancas acted directly in the interest of La Lupita in relation to its employees, including Turquiz.

26. The Defendant Amelia Blancas was an "employer" of Turquiz as that term is defined in Rhode Island Minimum Wage Act (codified at RIGL 28-12-2(6)).

27. Contrary to the requirements of RIGL 28-12-4.1 and 5-23-2(d), the defendants failed to pay him at a rate equal to at least one and one-half (1 ½) times his regular hourly rate for the hours he worked on Sundays and/or for the hours he worked each week in excess of 40.

28. The defendants' failure was willful and deliberate.

29. Turquiz suffered damages as a result of the defendants' failure.

**Wherefore**, on this Count Turquiz requests:

a. A judgment against the defendants, jointly and severally, sufficient to compensate him for his damages;
b. A judgment against the defendants, jointly and severally, for the overtime wages they failed to pay him since they first employed him pursuant to RIGL 28-12-19;
c. Reasonably attorney fees and costs pursuant to RIGL 28-12-19;
d. Pre-judgment interest pursuant to RIGL 9-21-10; and

e. For such other relief as may be just and appropriate.

**Jury Demand**

Turquiz request a trial by jury on this Count.

The Plaintiff,
By His Attorney,

John T. Longo, Esq./#4928
681 Smith Street, Suite 201
Providence, RI 02908
(401) 272-2177
Fax (401) 537-9185
jtlongo@yahoo.com