UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Jose Turquiz,

Plaintiff,

vs. CA 08 –30 ML

La Lupita, LLC,
Amelia Blancas, and
Jamie Blancas,

Defendants.

---

**Plaintiff's Initial Pre-Trial Conference Statement**

**Factual & Legal Allegations**

The Plaintiff alleges the individual defendants employed him at their restaurant, La Lupita, from at least 2005 through late 2007 without paying him overtime at the proper rate. He brings this action to recover the unpaid overtime compensation, liquidated damages, attorney fees and costs pursuant to the provisions of the federal Fair Labor Standards Act of 1938 (codified at 29 USC §201, *et. seq.*) (FLSA), and the Rhode Island Minimum Wage Act (codified at RIGL 28-12-1, *et. seq.*).

**Potential Factual and Legal Issues**

The Defendants do not dispute that the Plaintiff worked at LaLupita however, the Plaintiff anticipates the following legal and factual issues may arise:

**1099 Status** – The Plaintiff has 1099 forms indicating LaLupita paid him as an independent contractor for the work he did at the restaurant. However, he believes the

overwhelming evidence, including the nature of his job (kitchen help), his lack of other employment, and the fact that LaLupita controlled when and how he did his job, will establish he was an “employee” and not an independent contractor.

**Application of FLSA –** The Defendants have raised the issue that LaLupita does not meet the federal statutory threshold to be subject to the FLSA. The Plaintiff believes discovery will establish that the restaurant does meet the threshold. The Plaintiff will also argue that there is no such threshold requirement for his parallel State law overtime claim.

**Individual Liability Under FLSA** - The Plaintiff will argue that La Lupita is liable for the overtime violations and so are the individual Defendants since they owned and controlled LaLupita and did all the hiring, scheduling and paying of its employees, including the Plaintiff.

**Number of Underpaid Overtime Hours –** The Plaintiff believes the Defendants, despite the requirements of State and federal law, did not keep careful track of the number of hours he worked each week. To establish the number of hours he will therefore, as permitted by statute and case law, rely upon his testimony, the testimony of other employees, the testimony of the Defendants, and the evidence that will establish the restaurant’s hours and mode of operation.

**Level of Culpability/Magnitude of Damages** – The Plaintiff will argue the Defendants willfully and deliberately violated the FSLA and he should therefore be compensated for 3 year of unpaid overtime in an amount equal twice what he was shortchanged.

The Plaintiff,
By His Attorney,

/s/ John T. Longo
______________________________
John T. Longo, Esq./#4928
681 Smith Street, Suite 201
Providence, RI 02908
(401) 272-2177
Fax (401) 537-9185
jtlongo@yahoo.com

**Certificate of Service**

I certify that on ____6/2/08_____ I electronically file this document with the Clerk of the federal District Court for the District of Rhode Island using the CM/ECF System. The following participant received notice electronically:

*Counsel for Defendants:*

Joseph F. Dugan, Esq.
183 Lyndon Rd.
Cranston, RI 02905

Phone (401) 781-3573
Fax (401) 944-4161
Email jfd1998@verizon.net

/s/ John T. Longo
____________________________
John T. Longo, Esq./#4928